**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW SCHAEFFER, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SIGNATURE BANK, JOSEPH DEPAOLO, STEPHEN WYREMSKI, and ERIC HOWELL,<br><br>        Defendants. | Case No.: 1:23-cv-01921-FB-JRC<br><br>Hon. Frederic Block |
| PIRTHI PAL SINGH, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>SIGNATURE BANK, SCOTT A. SHAY, JOSEPH DEPAOLO, VITO SUSCA, MARK SIGONA, STEPHEN WYREMSKI, and ERIC HOWELL,<br><br>        Defendants. | Case No.: 1:23-cv-02501-ENV-VMS<br><br>Hon. Eric N. Vitaliano |

**MEMORANDUM OF LAW IN SUPPORT OF SHANKER BABU'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS <u>LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

ii

## TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ............................................................................................... 2

II. PROCEDURAL HISTORY .................................................................................................. 4

III. ARGUMENT ........................................................................................................................ 4

    A. Consolidation of the Actions Is Appropriate ................................................................ 4

    B. Appointing Movant as Lead Plaintiff Is Appropriate ................................................... 5

        1. Movant Filed a Timely Motion. ............................................................................. 6

        2. Movant Has the Largest Financial Interest in the Relief Sought. .......................... 7

        3. Movant Satisfies the Relevant Requirements of Rule 23. ..................................... 8

            a. Movant's Claims Are Typical. ......................................................................... 8

            b. Movant Is An Adequate Representative. ........................................................ 9

    C. Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ................................. 10

IV. CONCLUSION ................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.*,
   324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................... 7, 8

*In re Cendant Corp.*,
   264 F.3d 201 (3d Cir. 2001) .................................................................................................... 10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
   269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................................... 9

*Eiger Biopharmaceuticals, Inc.*,
   Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551 (N.D. Cal. Feb. 3, 2023) ............ 11

*Ferrari v. Impath, Inc.*,
   2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ........................................................ 5

*Ford v. VOXX Int'l Corp.*,
   No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ............... 8

*Gilbert v. Azure, et al.*,
   No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793 (S.D.N.Y. Dec. 8, 2022) ............. 11

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) .............................................................................................. 8

*In re Hebron Tech. Co. Sec. Litig.*,
   C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 7

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ................................................................................................... 5

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
   No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) .................. 9

*Martingano v. Am. Int'l Grp., Inc.*,
   Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 5

*Michalski v. Weber Inc., et al.*,
   Case No. 1:21-cv-03966-EEB (N.D. Ill. Nov. 29, 2022) ....................................................... 11

*Ryan v. FIGS, Inc. et al.*,
   Case No. 2:22-cv-07939-ODW (KSx) (C.D. Cal. Feb. 14, 2023) ......................................... 11

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................... 9

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................................ 5

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................... 1, 6, 8, 9

Fed. R. Civ. P. 42(a) ...................................................................................................... 5

Shanker Babu ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons or entities who purchased or otherwise acquired publicly traded Signature Bank ("Signature Bank" or the "Company") securities between April 23, 2020 and March 12, 2023, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Signature Bank, Scott A. Shay ("Shay"), Joseph DePaolo ("DePaolo"), Vito Susca ("Susca"), Mark Sigona ("Sigona"), Stephen Wyremski ("Wyremski"), and Eric Howell ("Howell"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the

---

[1] The action entitled *Schaeffer v. Signature Bank, et. al.,* Case No. 1:23-cv-01921-FB (E.D.N.Y.) (the "*Schaeffer* Action") defines the Class Period as March 2, 2023 through March 12, 2023, inclusive. The action styled *Singh v. Signature Bank., et al.,* No. 1:23-cv-02501-ENV-VMS (E.D.N.Y.) (the "*Singh* Action") defines the Class Period as April 23, 2020 through March 12, 2023, inclusive. Movant adopts the most-inclusive Class Period defined in the *Singh* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

"most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Actions.

## I.   FACTUAL BACKGROUND[2]

Signature Bank purported to be a "New York-based full-service commercial bank with 40 private client offices located throughout the metropolitan New York area, as well as those in Connecticut, California, Nevada and North Carolina. Through its single-point-of-contact approach, the Bank's private client banking teams serves the needs of privately owned businesses, their owners and senior managers. Through our Signature Financial subsidiary, a specialty finance company based in Melville, Long Island, we offer a variety of financing and leasing products, including equipment, transportation, commercial marine, sustainable energy, and national franchise financing and/or leasing. Signature Financial's clients are located throughout the United States." ¶ 7.

The statements contained in ¶¶ 17-22 in the *Schaeffer* Complaint were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Schaeffer* Complaint") filed in the *Schaeffer* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Schaeffer* Complaint. The facts set forth in the *Schaeffer* Complaint are incorporated herein by reference.

pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. ¶ 23. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Signature Bank did not have the strong fundamentals that it represented itself as having in the days immediately prior to its takeover, or otherwise took action that left it susceptible to a takeover by the New York Department of Financial Services ("DFS"); (2) as a result, it became a target for regulatory action by the DFS, and (3) as a result, Defendants' public statements were materially false and/or misleading at all relevant times. *Id.*

The DFS announced on Sunday March 12, 2023 that, in order to protect depositors and pursuant to Section 606 of New York Banking Law, DFS had taken possession of Signature Bank. ¶ 24. DFS further stated that it was "in close contact with all regulated entities in light of market events, monitoring market trends, and collaborating closely with other state and federal regulators to protect consumers, ensure the health of the entities we regulate, and preserve the stability of the global financial system." *Id.*

As a result of the specific circumstances in which the DFS Superintendent may, in his or her discretion, take possession of a bank, the March 2 and March 9 Updates did not provide investors with a full picture of the risks facing Signature Bank, or hint that it might be taken over by DFS. ¶ 26.

In a Joint Statement on March 12, 2023 (the "Joint Statement"), Federal Reserve Chair Jerome ("Jay") Powell, Treasury Secretary Janet Yellen, and Federal Deposit Insurance Corporation ("FDIC") Chair Martin Gruenberg, followed up on DFS's announcement. ¶ 27.

On March 12, 2023, trading in the Company's shares were halted and remain halted as of the filing of this action, essentially rendering the Company's shares illiquid and valueless- given the bank's failure. ¶ 28.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and the other Class members have suffered significant losses and damages. ¶ 29.

## II. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Schaeffer* Action against the Defendants. Plaintiff Matthew Schaeffer ("Schaeffer") commenced the first-filed action on March 14, 2023. On that same day, counsel acting on Schaeffer's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

On March 31, 2023, a substantially similar action was filed against Signature Bank in this Court, the *Singh* Action. Movant has requested consolidation of the *Schaeffer* and *Singh* Actions.

## III. ARGUMENT

### A. Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).

Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

## B.  Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most

capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $747,515.04 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movant Filed a Timely Motion.

On March 14, 2023, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Schaeffer published the Press Release on *Business Wire*—a widely circulated national business-oriented wire

6

service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Signature Bank securities that they had 60 days from the publication of the March 14, 2023 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the March 14, 2023 Press Release and submitted herewith a sworn certification attaching his transactions in Signature Bank securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Signature Bank securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $747,515.04. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus,

7

Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

#### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Signature Bank's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Signature Bank securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for ten years. He resides in Prosper, Texas, and possesses a bachelor's degree. Movant is currently self-employed as the owner of Niteosoft Inc DBA Compworldwide, an IT

9

consulting company in business for 15 years with 10 employees. Further, Movant has experience overseeing attorneys, as he has hired attorneys for routine business matters. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion. Accordingly, Movant meets the adequacy requirement of Rule 23.

### C. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Ryan v. FIGS, Inc. et al.*, Case No. 2:22-cv-07939-ODW (KSx), ECF No. 64 (C.D. Cal. Feb. 14, 2023); *Schoen v. Eiger Biopharmaceuticals, Inc.*, Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551, at *6-7 (N.D. Cal. Feb. 3, 2023) (noting "the firm appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel."); *Gilbert v. Azure, et al.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022) (appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in

this District to serve as lead counsel or co-lead counsel in other matters"); *Michalski v. Weber Inc., et al.*, Case No. 1:21-cv-03966-EEB, ECF No. 59 (N.D. Ill. Nov. 29, 2022); *Patterson v. Cabaletta Bio, Inc., et al.*, Case 2:22-cv-00737-JMY, ECF No. 10 (E.D. Pa. Aug. 10, 2022). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

### IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: May 15, 2023                             Respectfully Submitted,

                                                **LEVI & KORSINSKY, LLP**

                                                By: */s/ Adam M. Apton*
                                                Adam M. Apton
                                                55 Broadway, 4th Floor
                                                New York, NY 10006
                                                Tel: (212) 363-7500
                                                Fax: (212) 363-7171
                                                Email: aapton@zlk.com

                                                *Lead Counsel for Shanker Babu and*
                                                *[Proposed] Lead Counsel for the Class*