UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW SCHAEFFER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>SIGNATURE BANK, JOSEPH DEPAOLO, STEPHEN WYREMSKI, and ERIC HOWELL,<br><br>    Defendants. | Civil Action No. 1:23-cv-01921-FB-JRC<br><br><u>CLASS ACTION</u> |
| PIRTHI PAL SINGH, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>SIGNATURE BANK, SCOTT A. SHAY, JOSEPH DEPAOLO, VITO SUSCA, MARK SIGONA, STEPHEN WYREMSKI, and ERIC HOWELL,<br><br>    Defendants. | Civil Action No. 1:23-cv-02501-ENV-VMS<br><br><u>CLASS ACTION</u> |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

I.      INTRODUCTION

The above-captioned related cases are putative securities class actions on behalf of purchasers of Signature Bank securities between April 23, 2020 and March 12, 2023 (the "Class Period") alleging violations of the Securities Exchange Act of 1934 (the "1934 Act") against defendants.[1]  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  See 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed herein, the Related Actions should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure because they involve very similar legal and factual issues and will involve the same discovery.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff."  See 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Macomb County Employees' Retirement System ("Macomb County ERS"), Macomb County Retiree Health Care Fund ("Macomb County Health"), and City of Warren Police and Fire Retirement System ("Warren PFRS") (collectively, the "Macomb County Retirement Systems") respectfully submit that they are the presumptively most adequate plaintiff in this case because they have filed a timely motion in response to a notice, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  See 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Macomb County Retirement Systems' selection of Robbins Geller Rudman & Dowd

---

[1]     The Related Actions are *Schaeffer v. Signature Bank*, No. 1:23-cv-01921-FB-JRC and *Singh v. Signature Bank*. No. 1:23-cv-02501-ENV-VMS.

LLP as lead counsel for the putative class is reasonable and should be approved. 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Signature Bank was a full-service commercial bank. The Bank relied on a network of private client banking teams and offered commercial banking products and services, with veteran bankers acting as a single point of contact for all client needs.

The complaints allege that throughout the Class Period, defendants made materially false and misleading statements regarding the Bank's business, operations, and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) Signature Bank had failed to acknowledge the inherent volatility of digital-asset (*i.e.*, cryptocurrency) related deposits; (ii) accordingly, the Bank had overstated the stability and/or sustainability of its deposit base; (iii) the degree of Signature Bank's concentration in the cryptocurrency industry significantly undermined the health of its balance sheet; (iv) as a result of the foregoing, Signature Bank was exceptionally vulnerable to a bank run and/or a liquidity crisis; (v) the foregoing placed Signature Bank at a heightened risk of failure and/or regulatory takeover; and (vi) as a result, defendants' public statements were materially false and/or misleading at all relevant times.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Bank's securities, class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.     This Court Should Consolidate the Related Actions

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

The Related Actions present very similar factual and legal issues, alleging nearly identical violations of the federal securities laws against common defendants in overlapping class periods and are based on common underlying facts and involve largely the same legal issues. Thus, consolidation is appropriate here. *See Parot v. Clarivate Plc,* 2022 WL 1568735, at *4 (E.D.N.Y. May 18, 2022) (consolidating securities cases that involve substantially similar claims and common questions of law and fact). "The fact that the actions do not contain identical causes of action, defendants, or the same class period 'is not an obstacle to consolidation.'" *Id.* (citation omitted).[2]

**B.     The Macomb County Retirement Systems Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on March 14, 2023. *See* Exhibit A attached to the

---

[2]     The *Schaeffer* action alleges violations of the 1934 Act in a class period between March 2, 2023 and March 12, 2023. The *Singh* action brings the same 1934 Act claims against the same defendants as in the *Schaeffer* Action (as well as three other defendants), but in the period between April 23, 2020 and March 12, 2023. These differences in class periods will be reconciled by the lead plaintiff upon the filing of a consolidated complaint. For purposes of this motion, and a determination of the "largest financial interest in the relief sought by the class," the Macomb County Retirement Systems use the most inclusive class period of the Related Actions. *See, e.g.*, *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 208 n.11 (E.D.N.Y. 2019) ("For the purposes of appointing lead plaintiff in cases involving two potential class periods, courts use the longer class period in the analysis.").

- 3 -

Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Guo v. Tyson Foods, Inc.*, 2022 WL 5041798, at *3 (E.D.N.Y. Sept. 30, 2022).  The Macomb County Retirement Systems meet these requirements and should be appointed Lead Plaintiff.

### 1. The Macomb County Retirement Systems' Motion Is Timely

The March 14, 2023, statutory notice published in this case advised purported class members of the pendency of the first-filed *Schaeffer* action, the claims and allegations asserted, as well as the right to move the Court to be appointed as lead plaintiff no later than May 15, 2023.  *See* Rosenfeld Decl., Ex. A.  Because the Macomb County Retirement Systems' motion has been filed by the statutory deadline, they are eligible for appointment as lead plaintiff.  *Guo*, 2022 WL 5041798, at *3.

### 2. The Macomb County Retirement Systems Have a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Macomb County Retirement Systems purchased thousands of shares of Signature Bank common stock and suffered over $2.1 million in losses as a result of defendants' alleged violations of the 1934 Act.  *See* Rosenfeld Decl., Exs. C, D.

To the best of the Macomb County Retirement Systems' counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. The Macomb County Retirement Systems Are Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). However, at this early stage of litigation, "[o]nly two of the prerequisites to class certification -- typicality and adequacy – 'are relevant to the selection of lead plaintiff.'" *Guo*, 2022 WL 5041798, at *4 (citation omitted).

With respect to typicality, courts consider whether a lead plaintiff's "'claims are based on the same alleged false or misleading statements and omissions attributed to Defendants during the same period as the other potential class members' claims.'" *Id.* at *5 (citation omitted). For the adequacy requirement of Rule 23 to be satisfied: "'(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation. Additionally, the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy.'" *Id.* at *5 (citation omitted)

Here, the Macomb County Retirement Systems' claims are typical of those of the class because, like all putative class members, they: (1) purchased shares of Signature Bank securities during the Class Period in reliance on the allegedly false and misleading statements; and (2) suffered a loss as a result of defendants' alleged misconduct. Substantially similar and compatible legal theories and discovery will be required to prove defendants' liability and damages. The Macomb County Retirement Systems therefore satisfy the typicality requirement of Rule 23.

The Macomb County Retirement Systems are also adequate because their interests in the action are aligned with the interests of the other members of the class. The Macomb County

Retirement Systems are highly incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing based on, among other things, the substantial losses they suffered.

Further, the Macomb County Retirement Systems have significant experience serving in a fiduciary capacity and supervising the work of outside counsel. *See, e.g.*, *Silverman v. Motorola, Inc.*, No. 1:07-cv-04507 (D. Ill.) (Macomb County ERS obtaining class recovery of $200 million settlement as lead plaintiff in PSLRA litigation); *Sohal v. Yan*, No. 1:15-cv-00393-DAP (N.D. Ohio) (Warren PFRS obtaining class recovery of $7.5 million settlement for investors as lead plaintiff in PSLRA litigation). As set forth in greater detail in the Joint Declaration submitted herewith (*see* Rosenfeld Decl., Ex. D), the Macomb County Retirement Systems fully understand the obligations of a lead plaintiff to absent class members under the PSLRA and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. The Macomb County Retirement Systems' collaboration in this litigation follows from, among other things, their preexisting relationship as governmental retirement systems located within roughly 20 miles of each other in Macomb County, Michigan, and as fiduciaries to their respective members. *Id.* Thus, the Macomb County Retirement Systems have the incentive and commitment to vigorously prosecute this action in a cohesive and coordinated fashion, and the ability to supervise and monitor counsel. In fact, the Macomb County Retirement Systems are precisely the type of institutional investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."

*In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001). Accordingly, the Macomb County Retirement Systems readily satisfy the adequacy requirement.

Because the Macomb County Retirement Systems filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### C. The Court Should Approve the Macomb County Retirement Systems' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Macomb County Retirement Systems have selected Robbins Geller to serve as lead counsel in this case.[3]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Parot*, at *8 ("This Court concludes, as have other courts in this Circuit, that based on the firm's experience, Robbins Geller is qualified to serve as lead counsel in securities class actions.") (collecting cases); *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*, 2019 WL 7287202, at *5 (E.D.N.Y. May 24, 2019) (appointing Robbins Geller as lead counsel); *Yang v. Tr. for Advised Portfolios*, 2022 WL 970772, at *5 (E.D.N.Y. Mar. 31, 2022)

---

[3] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. Electronic or paper versions of the firms' resumes are available upon the Court's request, if preferred.

(same); *see also In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 34 (E.D.N.Y. 2019) (Robbins Geller [and co-counsel] "arduously represented a variety of plaintiffs' groups in this action[,] . . . [and] negotiated what [may be] the largest antitrust settlement in history.").  Notably, in the last three years alone, Robbins Geller recovered more than $4 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty Cap. Props.*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).

Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

---

[4]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is

Based upon Robbins Geller's experience and track record as counsel in securities class actions, the Macomb County Retirement Systems' selection of lead counsel is reasonable and should be approved.

## IV. CONCLUSION

The Related Actions share common legal and factual questions and should be consolidated. In addition, the Macomb County Retirement Systems have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Macomb County Retirement Systems respectfully request that the Court grant their motion.

DATED: May 15, 2023                 Respectfully submitted

                                    ROBBINS GELLER RUDMAN
                                      & DOWD LLP
                                    SAMUEL H. RUDMAN
                                    DAVID A. ROSENFELD


                                           *s/ David A. Rosenfeld*
                                    DAVID A. ROSENFELD

                                    58 South Service Road, Suite 200
                                    Melville, NY  11747
                                    Telephone:  631/367-7100
                                    631/367-1173 (fax)
                                    srudman@rgrdlaw.com
                                    drosenfeld@rgrdlaw.com

---

the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        DANIELLE S. MYERS
        MICHAEL ALBERT
        655 West Broadway, Suite 1900
        San Diego, CA  92101-8498
        Telephone:  619/231-1058
        619/231-7423 (fax)
        dmyers@rgrdlaw.com
        malbert@rgrdlaw.com

        Proposed Lead Counsel for Proposed Lead Plaintiff

        VANOVERBEKE, MICHAUD & TIMMONY, P.C.
        THOMAS C. MICHAUD
        79 Alfred Street
        Detroit, MI  48201
        Telephone:  313/578-1200
        313/578-1201 (fax)
        tmichaud@vmtlaw.com

        Additional Counsel for Proposed Lead Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on May 15, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                    s/ David A. Rosenfeld
                                                    DAVID A. ROSENFELD

                                                    ROBBINS GELLER RUDMAN
                                                                &DOWD LLP
                                                    58 South Service Road, Suite 200
                                                    Melville, NY  11747
                                                    Telephone:  631/367-7100
                                                    631/367-1173 (fax)

                                                    Email:  drosenfeld@rgrdlaw.com

4885-7837-8852.v1

# Mailing Information for a Case 1:23-cv-01921-FB-JRC Schaeffer v. Signature Bank et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Apton**
  aapton@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Mark David Smilow**
  msmilow@weisslawllp.com,joshua-rubin-1257@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`