## WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

_____

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

July 17, 2023

**BY ECF**

Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>      Re:     *Schaeffer v. Federal Deposit Insurance Corporation as Receiver for Signature
>              Bank, et al.*, Case No. 1:23-cv-01921-FB-JRC

Dear Judge Block:

We represent the Federal Deposit Insurance Corporation ("FDIC") as Receiver for Signature Bank ("FDIC-R") and write pursuant to Your Honor's Individual Rule 2.A to request leave to move to dismiss the putative class action complaint filed by Matthew Schaeffer ("Schaeffer") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As discussed below, the action should be dismissed based on three threshold grounds: (1) this Court lacks subject-matter jurisdiction because Schaeffer failed to exhaust the FDIC's mandatory administrative claims process before filing suit; (2) this Court lacks jurisdiction because even if Schaeffer had exhausted that claims process, Schaeffer's claims may only be brought in a lawsuit filed in the District Courts for the Southern District of New York or the District of Columbia; and (3) Schaeffer lacks standing because the claims he asserts belong to the FDIC-R.[1]

### Background

On March 12, 2023, Signature Bank ("Signature" or "Bank") failed, and the FDIC-R was appointed as the Bank's receiver. On March 14, 2023, Schaeffer filed this complaint, asserting federal securities claims based on alleged false and misleading statements about Signature's business and financial condition (ECF No. 1 ¶¶ 39-53) against: (i) Signature and (ii) Joseph DePaolo, Stephen Wyremski, and Eric Howell ("Individual Defendants"). Schaeffer failed to name the FDIC-R as defendant, which is the Bank's statutory successor-in-interest. On June 29, 2023, the FDIC-R substituted for Signature in the action. ECF No. 38.

Schaeffer's claims against the FDIC-R and the Individual Defendants relate to–indeed, depend on–alleged misconduct and mismanagement at the Bank. According to Schaeffer, the Individual Defendants failed to provide timely, accurate and truthful information about the Bank's

---

[1] These dismissal arguments apply equally to any claims that the parties identified on the case docket as claims that movants and intervenor-plaintiffs may assert.

businesses, operations, future financial condition and prospects, ECF No. 1 ¶¶ 17-23, 41-43, purportedly causing the artificial inflation of the market price of the Bank's stock. *E.g.*, *id.* ¶¶ 44-45. Schaeffer alleges the Individual Defendants' breaches injured him by "rendering the Company's shares illiquid and valueless - given the bank's failure," resulting in damages due to a "precipitous decline in the market value of the Company's common shares." *Id.* ¶¶ 28-29.

## Grounds for Dismissal

**The Action Must Be Dismissed for Failure to Exhaust the FDIC's Administrative Claim Process.** "One of the important goals of FIRREA [the Financial Institutions Reform, Recovery and Enforcement Act of 1989] is to enable the receiver to efficiently determine creditors' claims and preserve assets of the failed institution without being burdened by complex and costly litigation." *Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 388 (3d Cir. 1994). To accomplish that goal, FIRREA establishes a mandatory administrative claims process codified at 12 U.S.C. §§ 1821(d)(3)-(13). To ensure that claimants do not bypass the administrative claims process, Congress included a jurisdictional bar in FIRREA. *See* 12 U.S.C. § 1821(d)(13)(D) (except "as otherwise provided . . . no court shall have jurisdiction over" (i) a "*claim or action for payment from*," or "an[ ] action seeking a determination of rights with respect to, the assets of a[ ] depository institution for which the [FDIC] has been appointed receiver . . . ." or (ii) "any claim *relating to any act or omission of such institution*") (emphases added). The sole exception to the jurisdictional bar is for federal court determination of claims only *after* timely exhaustion of the administrative claims process, which has not occurred here. *See* 12 U.S.C § 1821(d)(6)(A).

Schaeffer's claims fall within the scope of the jurisdictional bar. Schaeffer brings claims based on the alleged wrongful conduct of Signature before its closure and, in turn, seeks damages from the assets of Signature, for which the FDIC-R has been appointed receiver. The Second Circuit has held that federal courts lack jurisdiction over such claims unless the FDIC's administrative claims process has been exhausted. *Carlyle Towers Condo. Ass'n, Inc. v. FDIC,* 170 F.3d 301, 307 (2d Cir. 1999) (FIRREA "creates a requirement that all claims must be presented to the FDIC before a claimant may seek judicial review."); *see Huggins v. FDIC*, 2010 WL 3926263, at *3 (E.D.N.Y 2010) ("joining the majority of courts that have concluded that a federal court cannot pass on the merits of pre-receivership claims where the plaintiff has not exhausted his remedies under the FDIC's claims resolution process.").[2] Here, Schaeffer failed to exhaust the FDIC's mandatory administrative claims process before filing suit. Accordingly, the action should be dismissed for lack of subject-matter jurisdiction.

**This Court Cannot Acquire Jurisdiction Over Schaeffer's Claims.** Even if Schaeffer had exhausted the FDIC's administrative claims process (which he has not), this Court would still lack jurisdiction over his claims because FIRREA provides that if a claimant's claim is disallowed, then a claimant may only sue "in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia." 12 U.S.C. § 1821(d)(6)(A)(ii); *see also Caires v.*

---

[2] FIRREA requires that "*all* claims must be presented to the FDIC." *Carlyle,* 170 F.3d at 307 (emphasis added). There is no exception for class claims. Each individual putative class member must satisfy FIRREA's administrative exhaustion requirement. *Cassese v. Washington Mutual, Inc.*, 711 F. Supp. 2d 261, 270 (E.D.N.Y. 2010).

*FDIC*, 2017 WL 1393735, at *5 (S.D.N.Y. 2017) (FIRREA limits post-exhaustion jurisdiction to the two courts specified by the statute). Here, the Southern District of New York is the district where the depository institution's (Signature) principal place of business was located. ECF No. 1 ¶ 8. As a result, this Court cannot acquire subject-matter jurisdiction over Schaeffer's claims.

**Schaeffer's Claims Belong to the FDIC-R**. Under the FIRREA statutory scheme, the FDIC as receiver succeeds not only to the assets of a failed institution, but also to "all rights" of the institution's stockholders regarding the institution or its assets. *See* 12 U.S.C. § 1821(d)(2)(A)(i). FIRREA transfers to the FDIC as receiver not only derivative claims, but also a stockholder's direct claims that otherwise satisfy the criteria of § 1821(d)(2)(A)(i). *Zucker v. Rodriguez*, 919 F.3d 649, 658 (1st Cir. 2019) ("[T]here is no ambiguity in Congress's choice not to limit the claims to which the FDIC succeeds to derivative claims."). In passing FIRREA, "Congress has transferred everything it could to the FDIC, and that includes a stockholder's right, power, or privilege to demand corporate action or to sue directors or others when action is not forthcoming." *Pareto v. FDIC*, 139 F.3d 696, 700 (9th Cir. 1998). As a result, the FDIC-R owns all the claims that Schaeffer has attempted to assert.

In *Zucker v. Rodriguez*, the First Circuit held that similar claims of the holding company's bankruptcy trustee were owned by the FDIC as receiver because, like the shareholders' claims here, the claims in *Zucker* depend on "proving that malfeasance by its directors depressed the Bank's assets" which "means that the claims relate to or concern the assets of the Bank." 919 F.3d at 656. This case is virtually indistinguishable from *Zucker*. Schaeffer claims to be a Signature shareholder, and any right he has to bring legal claims relating to Signature and its assets is a "right of a stockholder of the Bank." *Id.* (citing 12 U.S.C. § 1821(d)(2)(A)(i)). As in *Zucker*, Schaeffer's claims against the Individual Defendants ultimately seek recovery for the diminution in value of his shareholder interest in the bank. *See supra* at 1-2. Schaeffer's alleged damages boil down to his shareholder interest in the bank being rendered "valueless" given the Bank's failure. *Id.* ¶¶ 28-29. To demonstrate damages, Schaeffer would have to establish that but-for the alleged malfeasance, "the assets of the Bank would have been much greater, and that increase in Bank assets would have inured to the benefit of" Schaeffer as Signature's stockholder. *Zucker*, 919 F.3d at 656. Accordingly, like in *Zucker,* Schaeffer's claims ultimately concern acts that allegedly depressed the value of Signature's assets and left Signature's stock valueless, and, therefore, the claims relate to the Bank's assets. *Id*.

As in *Zucker*, the FDIC-R succeeds to all such claims here, regardless of whether they are asserted directly on behalf of Schaeffer as the Bank's stockholder or derivatively on behalf of Signature. Therefore, Schaeffer's lack of standing to assert the claims in this action is another independent reason his claims should be dismissed.

Accordingly, the FDIC-R respectfully requests that following the pre-motion conference, the Court permit the FDIC-R to move to dismiss the Complaint.

Respectfully submitted,
*/s/ Ryan A. Kane*

cc: Counsel of record by ECF