| | |
|---|---|
| **BERNSTEIN LITOWITZ**<br>**BERGER & GROSSMANN LLP** | **KESSLER TOPAZ**<br>**MELTZER & CHECK, LLP** |

December 15, 2023

**BY ECF**
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    *Sjunde AP-Fonden v. DePaolo, et al.*, Case No. 1:23-cv-01921-FB-JRC

Dear Judge Block,

      We represent Lead Plaintiff Sjunde AP-Fonden ("AP7") in the above-captioned action. We write concerning the briefing schedule for Defendants' responses to the Corrected Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint"). ECF No. 70.

      This case is a securities fraud class action involving the failure of Signature Bank ("Signature"), the third largest bank failure in U.S. history. Signature is in FDIC receivership and not a party to this litigation. The Defendants include seven senior Signature executives and Signature's public auditor, KPMG LLP. Lead Plaintiff asserts securities fraud claims against these Defendants in connection with statements and representations they made that allegedly concealed and misstated the liquidity risks which ultimately led to Signature's collapse. All of the Defendants named in the Complaint have now been served.

      Per the Court's November 27, 2023 Order and Individual Practices, Rule 2(d), Lead Plaintiff conferred with Defendants to set a briefing schedule for the responses to the Complaint. Defendants have indicated that they <u>do not</u> wish to enter into a briefing schedule at this time and their responses to the Complaint should be stayed pending resolution of the FDIC's forthcoming motion to dismiss. ECF. No. 74. As the Court is aware, the FDIC has intervened in this action for the limited purpose of filing its own motion to dismiss and the Court has approved a schedule to allow for that motion to be fully briefed by March 1, 2024. *Id.*

      The upshot of Defendants' position is that their response to the Complaint would be stayed indefinitely—once the Court decides the FDIC's motion to dismiss, only then would Defendants even entertain a schedule for their own motions to dismiss, and then Defendants would embark on a second lengthy round of motion to dismiss briefing. Adopting this approach would effectively freeze the case in its tracks for potentially a year (or more) while the likely principal source of recovery—namely, the D&O insurance—rapidly wastes. For the reasons set forth below, staying the proceedings against the Defendants until such indeterminate time as the FDIC's motion is adjudicated is highly prejudicial and contrary to the interests of the fair and prompt adjudication of Lead Plaintiff's and the class's claims.

Honorable Frederic Block
December 15, 2023
Page 2

Defendants oppose a briefing schedule on the basis that their motions could be rendered moot if the FDIC succeeds in dismissing this action and, therefore, requiring them to brief their motions is purportedly "wasteful" and would deplete their D&O insurance policies. This argument fails for multiple reasons.

First, this argument is entirely speculative as to the merits and contours of the FDIC's motion and assumes that whatever merit the motion may have outweighs the prejudice that an extended delay of the adjudication of this case will have on Lead Plaintiff and the class. *See In re 650 Fifth Ave. and Related Properties*, 2011 WL 3586169, at *15 (S.D.N.Y. Aug. 12, 2011) (noting that "[p]laintiffs have a legitimate interest in the expeditious resolution of their case"). Defendants can cite to no authority that requires the staggering or seriatim consideration of motions to dismiss and the Court should not entertain that here. *See, e.g.*, *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-1570 (GBD-SN) (S.D.N.Y. March 11, 2004), ECF No. 25, Endorsed Letter at 2 (rejecting party's request to "put off" his motion to dismiss "until the [c]ourt ha[d] resolved the motions to be filed by" other defendants). Notably, as we will show in our response to the FDIC's motion, the notion that the FDIC's motion will end the case is simply incorrect. No court has ever fully dismissed direct Section 10(b) securities fraud class action claims on the grounds that the FDIC has advanced.

Second, Defendants' argument that briefing should be delayed to avoid unnecessarily depleting insurance policies has it exactly backwards. The existence of a wasting asset is reason to act promptly, not delay. This principle has even more force in this case, with eight named Defendants represented by eight different law firms, including some of the largest international firms in the world. It is highly likely that elongating the case schedule under such circumstances will provide more time and opportunity for the insurance policies to be wasted, rather than conserved. Courts recognize that staying a litigation may cause undue prejudice if the stay imperils a plaintiff's ability to recover. *See State Farm Mut. Auto. Ins. Co. v. Mittal*, 2018 WL 3127155, at *3 (E.D.N.Y. June 25, 2018) ("issuing a stay would likely increase the risk to plaintiff that assets that might be available to satisfy a judgment will be moved or depleted in the interim."); *JHW Greentree Cap., L.P. v. Whittier Tr. Co.*, 2005 WL 1705244, at *2 (S.D.N.Y. July 22, 2005) (crediting argument that the plaintiff "fear[ed] that the indefinite stay of this case would frustrate any real recovery should they succeed."). In short, Defendants' proposal that would delay their motion to dismiss briefing for several months beyond AP7's proposal could frustrate AP7's and the class's ability to recover and deny Lead Plaintiff's ability to press forward on a path to resolution of these claims.

Apart from the effect Defendants' proposal could have on Lead Plaintiff's ability to recover, Defendants' proposal could prejudice AP7's potential ability to effectively and expeditiously litigate this case by delaying discovery further. Due to the PSLRA provision preventing discovery during the "pendency of any motion to dismiss" unless "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party," discovery would not begin in earnest until the Court rules on Defendants' motions to dismiss. 15 U.S.C. § 78u–4(b)(3)(B). As a result, Defendants' proposal to delay motion to dismiss briefing could, in turn, cause significant delays in the commencing of any eventual discovery. Given that Signature has ceased to exist, there could be unexpected issues in AP7's ability to discover responsive documents. These issues will likely be compounded by any delays to the

Honorable Frederic Block
December 15, 2023
Page 3

commencement of discovery and could greatly prejudice AP7 and the class. *See Sec. & Exch. Comm'n v. Shkreli*, 2016 WL 1122029, at *6 (E.D.N.Y. Mar. 22, 2016) (noting in considering a stay that "[c]oncerns about the potential loss of evidence and about the significance of the civil litigation are legitimate.").

For the foregoing reasons, AP7 respectfully requests that the Court reject Defendants' arguments and adopt the following briefing schedule:

Defendants shall file their motions to dismiss in 60-days (February 13, 2024), Lead Plaintiff shall file its opposition(s) 45-days after the motions to dismiss (March 29, 2024), and Defendants shall file their replies 21-days after the opposition (April 19, 2024). This proposal would allow the case to move forward reasonably promptly, while also appropriately staggering the forthcoming motions for the Court's review.
.

Respectfully Submitted,

| | |
|---|---|
| John Rizio-Hamilton | Sharan Nirmul |
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** | **KESSLER TOPAZ MELTZER & CHECK, LLP** |
| 1251 Avenue of the Americas | 280 King of Prussia Road |
| New York, NY 10020 | Radnor, PA 19087 |
| Tel: (212) 554-1400 | Telephone: (610) 667-7706 |
| Facsimile: (212) 554-1444 | Facsimile: (610) 667-7056 |
| johnr@blbglaw.com | snirmul@ktmc.com |

*Co-Counsel for AP7*