UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SJUNDE AP-FONDEN, *et al.*,

              Plaintiffs,

    v.

SIGNATURE BANK, *et al.*,

              Defendants.

Case No.: 23-cv-01921-FB-JRC

### DECLARATION OF DONALD G. GRIESER

I, DONALD G. GRIESER, declare as follows, pursuant to 28 U.S.C. § 1746:

1.     I am employed by the Federal Deposit Insurance Corporation ("FDIC"). Among my responsibilities, I am the assigned Claims Agent for the FDIC as Receiver for Signature Bank ("FDIC-Receiver" or "Receiver") with respect to non-depositor claims. Based on my review of FDIC records, I have personal knowledge of the facts set forth in this declaration, which is submitted in support of the FDIC-Receiver's motion to dismiss the above-referenced action.

2.     As Claims Agent, I am responsible for overseeing the administrative claims process for the Signature Bank Receivership. As part of my job, I accept, log and track administrative claims that are filed with the Signature Bank Receivership.

3.     On March 12, 2023, the New York State Department of Financial Services closed Signature Bank ("Signature" or "Bank") and appointed the FDIC as the Bank's receiver. The FDIC accepted that appointment on March 12, 2023. A copy of the appointment letter and acceptance is attached hereto as Exhibit A.

4.     Prior to its failure, Signature's principal place of business was located in New York, New York.

5.     In its capacity as Signature's Receiver, the FDIC-Receiver established July 17, 2023, as the "Claims Bar Date." The Claims Bar Date is the deadline for filing administrative claims against the Receiver.

6.     The FDIC-Receiver prepared a Publication Notice to Creditors and Depositors of Signature advising that administrative claims must be submitted to the FDIC-Receiver by the Claims Bar Date and that the failure to file a claim by the Claims Bar Date would result in disallowance by the Receiver. That Publication Notice was published on March 30, 2023, May 1, 2023, and June 1, 2023, in The Wall Street Journal, New York Times, Los Angeles Times, San Francisco Chronicle, Charlotte Observer, Raleigh News & Observer, and the Reno Gazette. Attached hereto as Exhibit B is a sample proof of the notice published in the New York Times.

5. In its capacity as Signature's Receiver, the FDIC-Receiver established July 17, 2023, as the "Claims Bar Date." The Claims Bar Date is the deadline for filing administrative claims against the Receiver.

6. The FDIC-Receiver prepared a Publication Notice to Creditors and Depositors of Signature advising that administrative claims must be submitted to the FDIC-Receiver by the Claims Bar Date and that the failure to file a claim by the Claims Bar Date would result in disallowance by the Receiver. That Publication Notice was published on March 30, 2023, May 1, 2023, and June 1, 2023, in The Wall Street Journal, New York Times, Los Angeles Times, San Francisco Chronicle, Charlotte Observer, Raleigh News & Observer, and the Reno Gazette. Attached hereto as Exhibit B is a sample proof of the notice published in the New York Times.

7. After learning that Plaintiff Matthew Schaeffer had commenced this action, the FDIC-Receiver sent a "Notice to Discovered Claimant to Present Proof of Claim," dated April 11, 2023, to Mr. Schaeffer in care of his counsel advising him of the Signature Receivership and the requirement to file a claim by the Claims Bar Date. Likewise, after learning that Plaintiff Pirthi Pal Singh had commenced his original action, the FDIC-Receiver sent a "Notice to Discovered Claimant to Present Proof of Claim," dated May 2, 2023, to Mr. Singh in care of his counsel advising him of the Signature Receivership and the requirement to file a claim by the Claims Bar Date. A copy of the Notices (with redactions) is attached hereto as Exhibit C.

8. On June 1, 2023, the FDIC-Receiver also sent a "Notice to Discovered Claimant to Present Proof of Claim" to each of the following parties in care of their counsel: City of Warren Police and Fire Retirement System, Sjunde AP-Fonden, Macomb County Employees' Retirement System, Public Employees' Retirement System of Mississippi, John Romano, Aradhana Chopra, Wayne County Employees' Retirement System, Macomb County Retiree

Health Care Fund, Shanker Babu, and Brian Andrew Pergament (collectively, the "Other Claimants"). A copy of those Notices (with redactions) is attached hereto as Exhibit D.

9. On July 5 and July 17, 2023, Brian Andrew Pergament and counsel acting on behalf of Sjunde AP-Fonden, respectively, filed individual administrative claims with the FDIC-Receiver. Those two individual claims are pending review. As of today's date, the FDIC's non depositor claims system of record does not reflect that any individual claims have been received by the FDIC-Receiver from the other parties listed in paragraphs 7 and 8 above, including Plaintiffs Schaeffer and Singh.

10. On July 17, 2023, counsel acting on behalf of "Sjunde AP-Fonden on behalf of a Putative Class" also submitted a claim purportedly on behalf of a putative class of damaged investors. As stated in the Notices to Discovered Claimants attached hereto (Exhibits C and D), including the Notice sent to Sjunde AP-Fonden on June 1, 2023 (Exhibit D at 7): "**Note to Class Claimants:** By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver." Accordingly, on August 28, 2023, the FDIC-Receiver sent a Notice of Unaccepted Claim to "Sjunde AP-Fonden on behalf of a Putative Class" in care of counsel. A copy of that Notice (with redactions and without enclosures) is attached hereto as Exhibit E.

11. Given the large volume of claims and the recent passage of the July 17 Claims Bar Date, claims are still being processed. Therefore, it is possible that additional claims filed by the Claims Bar Date may be located. If any such individual claims were filed by Mr. Schaeffer, or Mr. Singh, or any of the Other Claimants, the FDIC-Receiver has 180 days from the date of filing to determine the claims. 12 U.S.C. § 1821(d)(5)(A).

3

12. As of today's date, based on my review of FDIC records, the FDIC-Receiver has made no determination regarding any administrative claim relating to the securities law violations alleged in this action.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 30, 2023, at Allen, Texas.

*Donald G. Grieser*
Donald G. Grieser

4