# Exhibit A

Fund Number: 10540

Federal Deposit Insurance Corporation
as Receiver for
*#10540, Signature Bank*

# PROOF OF CLAIM

1. SSN/Tax ID Number: ▮▮▮▮▮▮ (Foreign TIN)

2. The undersigned  Darren J. Check  hereby states that the subject Financial Institution, now in liquidation ("Failed Institution"), is indebted

3. to  Sjunde AP-Fonden  ("the Claimant") in the sum of

4. Amount of Claim:  To Be Determined

5. Description of Claim
At present, the claims against Signature Bank arise under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, and/or Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a). See Attached Exhibit A for further discussion.

The undersigned further states that no part of said debt has been paid, that the Claimant has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or counterclaim, or other legal or equitable defense to said claim or any part thereof.

| 6. Name | 7. Title |
|---|---|
| Darren J. Check | Attorney-in-Fact |

| 8. Signature | 9. Date |
|---|---|
| *(signed)* | July 17, 2023 |

10. Firm *(If applicable, complete if filing on behalf of claimant)*
Kessler Topaz Meltzer & Check, LLP

11. Address *(Street, City, State, ZIP Code)*
280 King of Prussia Road, Radnor PA 19087

12. Telephone
(610) 822-2235

NOTE:  The penalty for knowingly making or inviting reliance on a false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than 30 years or both (18 U.S.C. Section 1007).

Federal Deposit Insurance Corporation
as Receiver for
#10540, Signature Bank

### EXHIBIT A TO PROOF OF CLAIM OF SJUNDE AP-FONDEN

Sjunde AP-Fonden (the "Claimant"), files this proof of claim ("Proof of Claim") in accordance with the receivership claims process ("Signature Bank Claims Resolution Process") established by the Federal Deposit Insurance Corporation for claims against Signature Bank.

### Background

The Claimant purchased or otherwise acquired securities of Signature Bank and is participating in an action pending in the United States District Court for the Eastern District of New York (the "EDNY District Court"), under Case Nos. 1:23-cv-01921 and 1:23-cv-02501. Among other things, Claimant and certain class action plaintiffs have filed motions, which are currently pending, seeking the consolidation of related class actions and seeking appointment as Lead Plaintiff and the appointment as lead counsel.

This claim is based upon public misrepresentations regarding Signature Bank's financial condition made in registration statements, other SEC filings, and multiple public statements (the "Misrepresentations"). Details regarding the Misrepresentations are set forth in the complaints filed in the following Class Actions and related papers all of which can be accessed through EDNY District Court PACER in Case Nos. 1:23-cv-01921 and 1:23-cv-02501.

Among other things, the Misrepresentations misstated and/or omitted material information about the strength of Signature Bank's balance sheet, its regulatory compliance, risk management, and liquidity, and position in the market, and concealing the risks facing Signature Bank's business model.

Claimant and other investors began to learn the truth about Signature Bank's precarious financial position, including the liquidity issues it was facing, through a series of corrective disclosures in which Signature Bank began to announce disappointing financial results and other news which caused the price of Signature Bank common stock to decline. Ultimately, Signature Bank experienced a significant liquidity crisis in March 2023, and was shuttered by regulators on March 12, 2023, resulting in the third-largest bank failure in U.S. history. NASDAQ delisted Signature Bank's stock, and the New York State Department of Financial Services ("NYDFS") closed Signature Bank and appointed the Federal Deposit Insurance Corporation as its receiver.

### Claims

At present, the claims against Signature Bank arise under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, and/or Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a). The bases for Claimant's claims are the Misrepresentations made to the Claimant regarding, among other things, the strength

Federal Deposit Insurance Corporation
as Receiver for
#10540, Signature Bank

### EXHIBIT A TO PROOF OF CLAIM OF SJUNDE AP-FONDEN

of Signature Bank's balance sheet, its regulatory compliance, risk management, and liquidity, and position in the market, and those concealing the risks facing Signature Bank's business model.

### Reservation of Rights

Nothing in this Proof of Claim is or shall be deemed to be a waiver of any of Claimant's rights, claims, or defenses related to any actions brought by Claimant, or any actions in which Claimant is participating, against third parties in any way related to transactions in Signature Bank securities.

Claimant reserves the right to amend and supplement this Proof of Claim as appropriate.

The filing of this Proof of Claim shall not constitute: (1) an admission or consent by Claimant that the Signature Bank Claims Resolution Process is the proper forum to resolve the aforementioned claims, litigation, or related matters; or (2) an election or waiver of any remedies.

Nothing in this Proof of Claim shall be construed to prevent, limit, or otherwise prejudice Claimant's right to assert that all or part of its claims are expenses of administration in this matter, or to assert additional claims as expenses of administration in this matter.

A-2

7542457.1