UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SJUNDE AP-FONDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>JOSEPH J. DEPAOLO, ERIC HOWELL, FRANK SANTORA, JOSEPH SEIBERT, SCOTT A. SHAY, VITO SUSCA, STEPHEN D. WYREMSKI, and KPMG LLP,<br><br>Defendants. | Case No. 1:23-cv-01921-FB-JRC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT FRANK SANTORA'S MOTION TO DISMISS THE COMPLAINT**

PERKINS COIE LLP
1155 Avenue of the Americas
New York, New York 10036
Tel. (212) 262-6900

*Attorneys for Defendant Frank Santora*

-i-

## TABLE OF CONTENTS

                                              **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.      The Complaint Fails to Allege an Actionable Misstatement or Omission ......... 1

            A.      Santora's Remarks Accurately Addressed the Bank's Relationship With DFS ............................................................................................... 2

            B.      Santora's Remarks Were Inactionable Opinion, Puffery, and Otherwise Immaterial ................................................................................ 3

            C.      Plaintiff Fails to Plead a Strong Inference of Scienter ........................... 5

    II.     Count II Fails to State a Claim for Scheme Liability Against Santora ............... 7

    III.    Plaintiff Fails to Plead Loss Causation .................................................................. 7

CONCLUSION ............................................................................................................................... 8

-ii-

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Doe v. Columbia Univ.*,
    831 F.3d 46 (2d Cir. 2016)..................................................................................................5

*ECA & Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*,
    553 F.3d 187 (2d Cir. 2009)..................................................................................................6

*In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Pracs. Litig.*,
    701 F. Supp. 2d 356 (E.D.N.Y. 2010) ..................................................................................2

*In re BHP Billiton Ltd. Sec. Litig.*,
    276 F. Supp. 3d 65 (S.D.N.Y. 2017).....................................................................................3

*In re Lululemon Sec. Litig.*,
    14 F. Supp. 3d 553 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015)......................5

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
    625 F. Supp. 3d 164 (S.D.N.Y. 2022)...................................................................................7

*Jennings v. Hunt Cos.*,
    367 F. Supp. 3d 66 (S.D.N.Y. 2019).....................................................................................7

*Jones v. Cuomo*,
    542 F. Supp. 3d 207 (S.D.N.Y. 2021)...................................................................................7

*Lentell v. Merrill Lynch & Co.*,
    396 F.3d 161 (2d Cir. 2005)..................................................................................................7

Defendant Frank Santora ("Santora") respectfully submits this Reply Memorandum of Law in support of his Motion to Dismiss the Corrected Consolidated Complaint (the "Complaint," Dkt. No. 70) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

As one would expect in a case plagued by improper group pleading, Plaintiff's lengthy Opposition Brief ("Opp.") ignores many of Santora's arguments in support of dismissal and fails to address others adequately. *See* Memorandum of Law in Support of Defendant Frank Santora's Motion to Dismiss the Complaint, Feb. 13, 2024 ("Santora Br.").

The Complaint fails to allege plausibly that Santora's single statement at issue was materially misleading or made with scienter.[1] To the contrary, Santora's remarks represented inactionable opinion and puffery, and were otherwise immaterial given the Bank's public filings and the FDIC's overall view that it had "no material supervisory concerns" about the Bank at the time of Santora's remarks. No facts alleged suggest that Santora had access to the relevant SRs and MRBAs at the time of his statement, or that he did not genuinely believe his opinion.

The claims against him should be dismissed with prejudice.

## ARGUMENT

**I.      The Complaint Fails to Allege an Actionable Misstatement or Omission**

The Complaint should be dismissed because it fails to plead plausibly that Santora made a false statement as to a material matter. Santora's remarks accurately described the Bank's positive working relationship with DFS as to Signet, which DFS had approved in a prominent press

---

[1] No other statements are at issue for Santora. Plaintiff concedes this where, in response to group pleading arguments raised by Santora and others, Plaintiff notes that the Complaint "attributes each [alleged] misstatement to the responsible speakers and/or signatories of SEC filings." Opp. at 52.

release.[2] Santora Br. at 3, 8. Santora's belief on this issue was reasonable given that DFS continued to allow Signet to operate after it passed regular "examination and inspection by DFS examiners." Santora Br. at 8-9. Plaintiff does not address this and several other points in its Opposition Brief. Instead, Plaintiff makes several points that fail, as described below.

### A. Santora's Remarks Accurately Addressed the Bank's Relationship With DFS

Plaintiff asserts that Santora "cherry picks and ignores the immediate context" and claims that the subject matter of Santora's statements was the Bank's overall relationship with multiple "Regulator*s*"—plural. Opp. at 38 (emphasis added). Plaintiff relies heavily on the interviewer's question. *Id.* The question was:

> You'd spoken earlier about the regulators and the regulators working with Signature as you build this [Signet] out, and that's clearly a key concern in the crypto space. How do you see the regulatory backdrop progressing going forward? And do you see that continuing to become a differentiator and a benefit for Signet and Signature?

Compl. ¶ 217.

Plaintiff's contention fails because the only plausible reading of Santora's remarks is that he was referring only to DFS, and not "Regulators" as a group. Santora mentioned DFS by name and referred to it repeatedly. Compl. ¶ 218. He referred to no other regulator in his remarks. *Id.*

---

[2] Santora's description of this publicly-available press release (Santora Br. at 3) is entirely appropriate since "at any stage of the proceeding, the court may take judicial notice of facts not subject to reasonable dispute because such facts are generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See, e.g.*, *In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Pracs. Litig.*, 701 F. Supp. 2d 356, 367-368 (E.D.N.Y. 2010) (internal quotation marks omitted) (taking judicial notice of publication and contents of documents on government website and distinguishing *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006)—which Plaintiff cites in its Opposition Brief (Opp. at 38)—on the grounds that they "provide context and a means of measuring defendant's conduct").

Even worse, Plaintiff tries to have it both ways: Plaintiff relies on the interviewer's reference to "regulators" in the question, but Plaintiff ignores the interviewer's direct reference to "Signet and Signature" at the end of his question. Compl. ¶ 217; Opp. at 38. The interviewer's reference to "Signet" at the end of his question (Compl. ¶ 217) confirms the only plausible reading of Santora's remarks—that they were addressed to Signet. Santora Br. at 4, 9-10.

In any event, Santora's statements were accurate because during the 2019 and 2020 examination cycles (the only ones relevant to Santora's statement made in March 2021), Regulators concluded that "the Board and senior management appropriately identified, measured, monitored, and controlled the risks of the institution's activities." Memorandum of Law in Support of Vito Susca's Motion to Dismiss the Complaint, at 3-4 (quoting NYDFS Rep. at 19).

Because Santora's statement addressed DFS's view of Signet and was indisputably consistent with the DFS press release and DFS's recurring approval of Signet, his statement was not materially false or misleading.

### B. Santora's Remarks Were Inactionable Opinion, Puffery, and Otherwise Immaterial

Plaintiff inexplicably ignores Santora's specific and compelling arguments that the Complaint fails to plead a material misstatement because the remarks in question were inactionable opinion (Santora Br. at 10-11), puffery (Santora Br. at 11-12),[3] and otherwise immaterial based on the Bank's public filings disclosing to investors that regulators might issue negative letters to the

---

[3] Plaintiff relies on *In re BHP Billiton Ltd. Sec. Litig.*, 276 F. Supp. 3d 65 (S.D.N.Y. 2017) to argue that courts routinely reject puffery arguments where defendants "repeatedly discuss issues and stress their importance to investors." Opp. at 41-42. *BHP Billiton* is inapposite as there were 25 alleged misstatements regarding defendant's commitment to safety throughout the approximate 1-year putative class period. *BHP Billiton*, 276 F. Supp. 3d at 80. Here, there are only 3 alleged misstatements (Compl. ¶ 217-218, 265) that relate to the Bank's relationship with Regulators throughout a putative class period that is double the length (January 21, 2021 through March 12, 2023) (Compl. at 1)—only one of which is attributed to Santora (Compl. ¶ 218).

Bank (Santora Br. at 12-13). *See* Opp. at 39-46 (addressing opinion and puffery in general without addressing Santora's points).

Plaintiff contends Santora's alleged misstatement (which Plaintiff has designated as "Misstatement 6") "do[es] not include words like 'believe' or 'think'". Opp. at 43. This is entirely false. Santora's remarks at the Wells Fargo conference included "I think" no fewer than three times, as well as other similar language signifying that his remarks represented his opinion. Santora Br. at 4, 10-11; Compl. ¶ 218 ("So for me, I…"; "I consider…"; "I – for one, I…").

In any event, Santora's opinion was consistent with the FDIC's rating of "2"—meaning it had "no material supervisory concerns." Santora Br. at 12-13; *see* Simmons Decl. Ex. FF (FDIC Manual) § 1.1-23; *see also* Simmons Decl. Ex. B (OIG Report) at 18.

Plaintiff's main response to this key point is that "the Bank's Composite rating is not a talisman that immunizes Defendants from liability as a matter of law." Opp. at 21. This is a strawman argument. Santora does not refer to the composite rating to "immunize" anyone, but rather to establish the implausibility of Plaintiff's allegation that Santora materially misled shareholders when the Bank's key regulator had "no material supervisory concerns." *See* Simmons Decl. Ex. FF (FDIC Manual) § 1.1-23 (emphasis added).

In addition, Plaintiff parses the components of the Bank's composite score (Opp. at 21) and cites the FDIC's post-hoc assessment that it "would have been prudent to downgrade the Management component rating to '3' … as early as the second half of 2021"—after Santora made the statements at issue (in March 2021). Opp. at 50, n.9. This makes no sense. "Where a plaintiff asserts the falsity of a statement of belief or opinion, the plaintiff must plead that it was both objectively false and disbelieved by the defendant at the time it was expressed", not in hindsight.

*In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 571 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015) (internal quotation marks omitted).

Because Plaintiff fails to plausibly allege that Santora's remarks were materially misleading, and these shortcomings cannot be cured through repleading, the claims against Santora should be dismissed with prejudice for this reason alone.

C.  **Plaintiff Fails to Plead a Strong Inference of Scienter**

As noted in Santora's Memorandum of Law, the Compliant should be dismissed because Plaintiff fails to plausibly plead a strong inference that Santora acted with scienter. Santora Br. at 13-15. In response, Plaintiff makes three points, all of which fail.

First, Plaintiff asserts without basis that Santora must have had access to the MRBAs and SRs given his title (Chief Payments Officer). Opp. at 70-71. But rather than allege any facts that would place Santora in senior management, Plaintiff faults Santora for "fail[ing] to cite anything in the record to substantiate that he was not a 'senior' manager informed of the Regulators' findings." Opp. at 37, 57, 70. This is impermissible burden shifting. *See, e.g.*, *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) (On a motion to dismiss for failure to state a claim, "[t]he issue is simply whether the facts the plaintiff alleges, if true, are plausibly sufficient to state a legal claim") (emphasis added).

In any event, as alleged in the Complaint, Santora was never a senior manager, Executive Officer, Board member, Board Risk Committee member, or asset/liability management committee member. *See, e.g.*, Compl. ¶¶ 36, 116, 121, 406, 408, 423, Section IV.G. Accordingly, Plaintiff does not—and cannot plausibly—allege that Santora had access to MRBAs and SRs, which were only shared with senior managers, as alleged. *See* Compl. ¶ 81.

Second, Plaintiff asserts that "Regulators' findings were heavily documented . . . and widely communicated to the Bank's leadership"—and therefore Santora must have learned of

-5-

them. Opp. at 71. This assertion fails for the same reason. MRBAs and SRs were not shared below the level of senior managers, based on the Plaintiff's own allegations. *See, e.g.*, Compl. ¶¶ 81, 91, 114, 116, 199.

Third, in circular fashion, Plaintiff argues that "the Court can readily infer Santora's scienter from the content of his Misstatement because he held himself out as knowledgeable about the Bank's relationship with the Regulators." Opp. at 71. This argument assumes what it is trying to prove. The fact that Santora expressed his opinion about the Bank's positive working relationship with DFS as to Signet does not in any way support the proposition that he knew (or recklessly failed to learn) facts to the contrary, or that he was insincere in his belief.

Nor does the Complaint adequately allege that Santora was "reckless in failing to know about the MRBAs and SRs before speaking on the subject." *Id.* Recklessness requires "conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *ECA & Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 202-03 (2d Cir. 2009) (internal quotation marks omitted). It was far from reckless for Santora to speak at a conference on a subject within his job responsibility. Ordinary care did not require him to ask senior managers beforehand to share confidential Bank examination communications with him.

Finally, Plaintiff fails to allege motive and opportunity to commit fraud, or to address Santora's arguments on this point. *See* Santora Br. at 14.

Because Plaintiff fails to plausibly allege a strong inference of scienter as to Santora, and the Complaint's shortcomings cannot be cured, the claims against him should be dismissed with prejudice.

## II. Count II Fails to State a Claim for Scheme Liability Against Santora

Plaintiff alleges no facts suggesting that Santora engaged in a "deceptive or manipulative act." *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 625 F. Supp. 3d 164, 247 (S.D.N.Y. 2022).

Plaintiff concedes this when it omits Santora from its list of those who allegedly did so. Opp. at 90 (listing Defendants other than Santora). Plaintiff should be deemed to have abandoned this claim (Count II) against Santora. *See, e.g., Jones v. Cuomo*, 542 F. Supp. 3d 207, 216 n.2 (S.D.N.Y. 2021) ("Plaintiff's briefing fails to respond to Defendants' arguments in favor of the dismissal of his vagueness and money damages claims, and the Court will thus consider those claims conceded"); *Jennings v. Hunt Cos.*, 367 F. Supp. 3d 66, 69 (S.D.N.Y. 2019) ("A district court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.") (internal quotation marks omitted) (collecting cases).

## III. Plaintiff Fails to Plead Loss Causation

Plaintiff fails to respond adequately to the Defendants' arguments on loss causation. Opp. at 91-95. Plaintiff's Opposition Brief omits any mention of Santora or his single alleged misstatement ("Misstatement 6") in its discussion of loss causation. *Id.* Moreover, none of the four corrective disclosures addressed the issue of DFS's views of Signet, or Regulators' views of Signature Bank. Compl. ¶¶ 452-71. *See Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005) (requiring pleading that "the subject of the fraudulent statement or omission was the cause of the actual loss suffered") (internal quotation marks and citation omitted).

## CONCLUSION

For the foregoing reasons, and the reasons stated in Santora's memorandum of law in support of his motion to dismiss the complaint, the claims against Santora should be dismissed with prejudice.

Dated: New York, New York  
May 24, 2024

Respectfully submitted,

PERKINS COIE LLP

By: */s/ David B. Massey*  
David B. Massey  
Emily B. Cooper  
1155 Avenue of the Americas, 22nd Floor  
New York, New York 10036-2711  
Tel: +1.212.262.6900  
DMassey@perkinscoie.com  
ECooper@perkinscoie.com

*Attorneys for Defendant Frank Santora*