| | |
|---|---|
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Tel: (212) 554-1400<br>Facsimile: (212) 554-1444<br>johnr@blbglaw.com | **KESSLER TOPAZ MELTZER & CHECK LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel: (610) 667-7706<br>Facsimile: (610) 667-7056<br>snirmul@ktmc.com |

September 25, 2024

<u>**VIA ECF**</u>

Hon. Frederic Block
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Sjunde AP-Fonden v. DePaolo, et al.*, No. 1:23-cv-01921-FB-JRC (E.D.N.Y.)

Dear Judge Block:

  We represent Lead Plaintiff Sjunde AP-Fonden in the above-captioned action. We write in response to the FDIC-R's September 23, 2024 submission of *Verdi v. Federal Deposit Ins. Corp.*, 2024 WL 4252038 (S.D.N.Y. Sept. 20, 2024) as supplemental authority. As set forth below, *Verdi*, a case brought by a *pro se* plaintiff, has no application to this securities fraud class action under the PSLRA—if anything, its history clearly demonstrates that the FDIC-R does ***not*** own the claims asserted in this case.

  In *Verdi*, the *pro se* plaintiff brought individual state tort claims against several individuals and the FDIC as receiver for Signature Bank. *Id.* at *2. Crucially, the *pro se* plaintiff settled his claims against three senior executives of Signature Bank (for insurance proceeds) without the FDIC-R's involvement and then voluntarily dismissed those claims, leaving the bank/FDIC-R as the only named defendant in the action. *Id.* at *2 n.1; *see also* Pl. Cameron N. Verdi's Opp. to Def. Mot. to Dismiss at 1 n.1, *Verdi,* ECF No. 39 (noting the FDIC-R's "failure to object to" plaintiff's settlement with individual defendants Joseph DePaolo, Eric Howell, and Stephen Wyremski). Judge Ho then dismissed plaintiff's remaining claims ***against the bank*** for lack of standing under the Succession Clause, because those claims, by definition, concerned "the institution and the assets of the institution." *Verdi*, 2024 WL 4252038 at *6. This conclusion has no relevance here.

  Judge Ho's decision turned on the fact that the *pro se* plaintiff proceeded ***only*** against the FDIC as receiver for Signature. Judge Ho rejected plaintiff's argument that his claims were "without recourse to the assets of Signature," precisely because, unlike here, "***he has voluntarily dismissed his claims against these [individual] Defendants***. With respect to ***Plaintiff's claims against Signature*** for the officer Defendants' behavior, the Complaint states that ***[Signature] is liable*** for the acts of the Individual Defendants[.]" *Id.* at *6 n.58.

Hon. Frederic Block
September 25, 2024
Page 2

*Verdi* is precisely the **opposite** of the situation in this case. Here, in contrast, Lead Plaintiff is suing **only** the Individual Defendants and KPMG, and **not** Signature Bank (or, by extension, the FDIC). Moreover, to the extent *Verdi* characterizes insurance proceeds as bank assets, Judge Ho based this determination on *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. City Sav., F.S.B.*, 28 F.3d 376, 384-85 (3d Cir. 1994), which merely held that "Insurance policies which a bank has purchased and ***under which it is an insured***" are assets of the bank. *Id.* at 385. This holding from *National Union* does not apply here, as the FDIC-R has expressly conceded. The FDIC-R has already ***admitted*** that the "insurance proceeds are not an 'asset' of the bank" because they cover only the directors and officers, and not the bank itself. *See* FDIC-R's Br. 21 n.6, ECF No. 119-1.

To the extent that *Verdi* applies at all, its history conclusively demonstrates that the FDIC-R does **not** own the claims asserted in this case against the individual defendants. If the FDIC-R actually owned the securities claims against the individual defendants, then the *pro se* plaintiff and individual defendants Joseph DePaolo, Eric Howell, and Stephen Wyremski obviously could not have settled those claims themselves—***which is exactly what happened in Verdi***. The FDIC's "failure to object to" plaintiff's settlement further underscores that it does not own these claims.

Finally, the FDIC-R ignores that it does not own the claims asserted in this case for the additional reason that claims by the FDIC-R against Signature's former leadership or outside advisors are doomed by the unclean hands doctrine under New York law. *Kirschner v. KPMG LLP*, 15 N.Y.3d 446, 475-76 (N.Y. 2010) (barring receiver's claims against outside auditor); *see also FDIC v. Refco Grp.*, 989 F. Supp. 1052, 1088 (D. Col. 1997) (recognizing "general rule that a receiver occupies no better position than that which was occupied by the party for whom it acts"). This is because the FDIC-R "stand[s] in the shoes of corporate malefactors" like Signature—and thus cannot recover for wrongdoing in which it actually participated. *Kirschner*, 15 N.Y.3d at 475. Because the FDIC-R's claims are fatally flawed, it cannot and should not have primacy over Lead Plaintiff's claims against the Defendants.

The FDIC's motion should be denied in full.

Respectfully submitted,

/s/ John Rizio-Hamilton
John Rizio-Hamilton
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP

Co-Lead Counsel for Lead Plaintiff

/s/ Sharan Nirmul
Sharan Nirmul
KESSLER TOPAZ
MELTZER CHECK LLP

Co-Lead Counsel for Lead Plaintiff

cc:    All counsel of record (via ECF)