# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

---

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

September 27, 2024

**VIA ECF**
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Sjunde AP-Fonden v. DePaolo et al.*, No. 1:23-cv-01921 (E.D.N.Y.)

Dear Judge Block:

      We write on behalf of the Federal Deposit Insurance Corporation as Receiver for Signature Bank ("FDIC-R") in response to Plaintiff's September 25, 2024 letter ("Letter") (ECF No. 135) to address misstatements and new arguments raised by Plaintiff.

      *First*, Plaintiff in its Letter claims for the first time that the FDIC-R had "unclean hands," which bars its ownership of the claims asserted in Plaintiff's Complaint. Plaintiff never raised its "unclean hands" argument in opposition to the FDIC-R's motion and therefore waived the argument. *See Azeez v. City of New York*, No. 16-cv-342, 2018 WL 4017580, at *6 (E.D.N.Y. Aug. 22, 2018) ("Ordinarily, any issues not addressed in an opposition brief are deemed abandoned by the party opposing the motion."). To the extent that the Court considers this new argument, the purported defense has no effect on whether the FDIC-R owns the claims under the Succession Clause. Further, the equitable defense of unclean hands can only be raised by the defendants, not class counsel, and in any event does not apply to the FDIC. *See, e.g.*, *FDIC v. Abel*, 1996 WL 520906, at *2 (S.D.N.Y. Sept. 12, 1996) (culpable conduct of directors and officers cannot be imputed to FDIC as receiver); *Colonial BancGroup Inc. v. PricewaterhouseCoopers LLP*, 2017 WL 4175029, at *5 (M.D. Ala. Aug. 18, 2017) ("bank's inequitable conduct is not imputed to FDIC" (citation omitted)).[1]

      *Second*, Plaintiff incorrectly claims that the FDIC-R did not object to the settlement between the plaintiff and individual defendants in *Verdi*. Letter at 1. When counsel for one of the settling defendants informed the FDIC-R of the settlement, the FDIC-R informed counsel that it

---

[1] Plaintiff's suggestion that the Succession Clause only applies to claims "against" a failed bank (Letter at 2) is contrary to the Succession Clause, which applies to all of a stockholder's rights "with respect to the institution and the assets of the institution" as shown in the FDIC-R's motion. *See* ECF No. 119-1 at 19-25; *see also Verdi v. FDIC*, 2023 WL 6388225, at *6 (C.D. Cal. Sept. 28, 2023) (dismissing claims against all defendants, including individual director and officer defendants).

objected to the settlement because the FDIC-R owned the claims and the complaint would get dismissed for lack of standing under the Succession Clause. In any event, a voluntary settlement not involving the FDIC-R does not change the plain meaning of the Succession Clause.

                                                Respectfully submitted,

                                                */s/ Ryan A. Kane*

                                                Ryan A. Kane

cc: Counsel of record